IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY LENNELL ACY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-2912-B |
| | § | (NO. 3:21-CR-070-B) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Anthony Lennell Acy's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

## I.   BACKGROUND

On May 25, 2021, Movant was named in a two-count superseding indictment charging him with sex trafficking of a child, in violation of 18 U.S.C. § 1591(a)(1) & (b)(2), and with sex trafficking, in violation of 18 U.S.C. § 1591(a)(1) & (b)(1). *United States v. Acy*, No. 3:21-CR-070-B, Crim. Doc. 27. Movant entered a plea of not guilty. Crim. Doc. 29. He was convicted by a jury, Crim. Doc. 85, and sentenced to a term of imprisonment of 365 months. Crim. Doc. 126.

Movant appealed. Crim. Doc. 128. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Acy*, No. 22-10620, 2023 WL 5316545 (5th Cir. Aug. 14, 2023).

## II.   GROUNDS OF THE MOTION

Movant asserts six grounds in support of his motion, alleging in five of them that he received ineffective assistance of counsel. In his fifth ground, he alleges that cumulative error entitles him to relief. Doc. 1; Doc. 7.

III.    APPLICABLE LEGAL STANDARDS

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

2

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

In his first ground, Movant alleges that counsel rendered ineffective assistance in failing to file a motion to suppress evidence obtained from the "warrantless search of his hotel room on January 20, 2021." Doc. 7 at 2. In his second ground, Movant alleges that counsel rendered ineffective assistance in failing to file a motion to suppress evidence obtained from "the warrantless search of his vehicle on March 18, 2020." *Id.* at 7. To prevail on these grounds, Movant must prove that his Fourth Amendment claims are meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

3

The record reflects that a search warrant was issued on March 18, 2020, for the search of Movant's vehicle. Doc. 11 at 3–6. There is no reason to believe that the warrant was defective for any reason. Even if it was, there is no reason to believe that evidence obtained in reliance on the warrant should have been suppressed. *See United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2019) (evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant should not be suppressed). This ground is meritless and counsel cannot have rendered ineffective assistance in failing to pursue it. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

As for the search of the hotel room, the record reflects that agents did not use Movant's key card to enter the room. Rather, the adult victim opened the door. Crim. Doc. 140 at 54; Crim. Doc. 142 at 249. The victim had contacted law enforcement to request that she and the juvenile victim be rescued. She was in a high anxiety situation and was confused. She urged the officers to hurry as she was afraid Movant would return. She was afraid Movant would see her text messages. The victims could be heard crying in the room and one said "help." Officers did not know what was going on in the room at that point or who might have been present. When they entered, both victims appeared to be terrified. Officers secured the room and took a photograph of condoms in a drawer. Crim. Doc. 142 *passim*.

The totality of the circumstances reflects that officers had an objectively reasonable basis for believing that the victims were in need of immediate aid. *See Michigan v. Fisher*, 558 U.S. 45, 47 (2009); *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). Further, contrary to Acy's allegation, the adult victim opened the door to the room, having urged officers to rescue her and the minor victim. It would have been reasonable for officers to believe that she had given

4

consent to search the room. *See United States v. Shannon*, 21 F.3d 77, 81 (5th Cir. 1994); *United States v. Anthony*, 487 F. App'x 921, 923 (5th Cir. 2012). Acy's contention that there would have been no evidence against him without the entry into the hotel room is overblown. The only evidence that might have been suppressed was the photograph of the condoms, which was not material to the jury's verdict.

In his third ground, Movant alleges that counsel provided ineffective assistance in failing to object to the enhancements for being a leader/organizer and for sexual contact with the minor victim. Doc. 1 at 7; Doc. 7 at 10–12. In his memorandum, he recognizes that counsel objected to the sexual contact enhancement but claims that counsel failed to argue that no sexual contact occurred. Doc. 7 at 12. For the reasons discussed in the response, Movant cannot prevail on this ground. Doc. 10 at 18–21. In sum, counsel did question whether sexual contact with the minor occurred, observing that her "allegation of *sexual contact* was inconsistent with the investigative record." Crim. Doc. 93 at 2. The government pointed out that both the minor and adult victims had testified at trial that Movant had sex with the minor victim. Crim. Doc. 94 at 2. The objection was argued at sentencing and the Court determined that the evidence at trial "more than amply" supported the enhancement. Crim. Doc. 145 at 13. That Movant did not prevail does not equate to ineffective assistance by counsel. *See United States v. Massey*, 79 F.4th 396, 399 (5th Cir. 2023). Movant was clearly a leader/organizer and subject to the enhancement. *See United States v. Sims*, 11 F.4th 315, 325 (5th Cir. 2021) (enhancement proper where defendant directed one of his prostitutes to teach a new recruit how to earn money). Any objection would have been frivolous.

In his fourth ground, Movant alleges that counsel rendered ineffective assistance by

5

failing to challenge on appeal the Court's denial of his motion for new trial. Doc. 1 at 8; Doc. 7 at 13–17. For all of the reasons discussed in the Court's memorandum opinion and order of April 11, 2022, Crim. Doc. 122, the motion for new trial was properly denied. Counsel is not required to raise every nonfrivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Movant has not shown that there was solid, meritorious argument that could have been made based on directly controlling precedent that would have made this ground successful on appeal. Rather, raising this ground would have been fruitless.

In his fifth ground, Movant contends that the accumulation of errors by counsel resulted in an unfair trial. He refers to the failure to suppress evidence as support. Doc. 1 at 8; Doc. 7 at 17–18. For the reasons previously discussed, Movant's ground regarding suppression of evidence is meritless. There is no error to cumulate. *See Tovar v. United States*, No. 3:18-CV-528-B (BT), 2019 WL 7762200, at *7 (N.D. Tex. Dec. 26, 2019) (where movant fails to establish ineffective assistance under *Strickland* he is not entitled to relief based on cumulative error), *adopted*, 2020 WL 470270 (N.D. Tex. Jan. 29, 2020).

In his sixth ground, Movant alleges that counsel rendered ineffective assistance in failing to present him with the government's plea offer. Doc. 1 at 8. In his memorandum, he admits that counsel discussed the plea offer with him but says that he never received the formal, written plea. Doc. 7 at 18–21. Movant apparently misinterprets *Missouri v. Frye*, 566 U.S. 134 (2012), to hold that counsel was required to present him with the written plea offer. Counsel only has the obligation to communicate such an offer, *Frye*, 566 U.S. at 145, which Movant admits he did. Doc. 7 at 18; Crim. Doc. 144 at 26–27 (reflecting that Movant declined a plea offer as to count one of the original indictment). They attended a reverse plea offer where the plea was again

discussed. Doc. 7 at 19. Movant understood that he would face a sentence of 14–18 years' imprisonment if he pled guilty to count one of the indictment. *Id.* Clearly, he was aware of the relevant circumstances and consequences. *United States v. Rivas-Lopez,* 678 F.3d 353, 356–57 (5th Cir. 2012). Any contention that he would have pled guilty is belied by the record. At sentencing, during allocution, Movant testified under oath that: the government had gone to the grand jury with false information and presented that same false information to the jury, Crim. Doc. 145 at 18–19; he was not a sex trafficker, *id.* at 23; he never pistol whipped anyone (because there was no proof), *id.* at 23–24; and, he did not hit anyone (again because there was no proof that he did). *Id.* at 25–26. Other than Movant's *ipse dixit* there is no evidence to show that he would have pled guilty but for counsel's deficiencies. *See Lee v. United States,* 582 U.S. 357, 369 (2017) (courts should not upset a plea solely because of *post hoc* asssertions from a defendant that he would have pled guilty but for his attorney's deficiencies).

## V.  CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 16th day of March, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE